[Civ. No. 4807. Second Appellate District, Division One.—June 28, 1927.]

## CHARLES M. URTON, Respondent, v. ASBJORN P. OUSDAL, Appellant.

S. J. Bingham for Appellant.

Mygatt & Crawford and Wm. G. Griffith for Respondent.

YORK, J.—This is an action brought by plaintiff to recover a balance claimed to be due on a contract and for extra work. Plaintiff alleges the contract and specifications for the work in his complaint, and alleges performance of the same. Defendant admits the contract, but denies that the work was performed according to the terms of the contract and the specifications, and by cross-complaint alleges that different material was substituted for those called for in the specifications. Judgment was rendered for plaintiff, and defendant on this appeal urges three grounds for reversal.

"First: That plaintiff admitted the substitution of poorer and cheaper materials in his contract for the foundation of the house he contracted to build, and that he showed no valid reason for said substitution.

"That the evidence shows conclusively that said poorer and cheaper materials were used, but notwithstanding the court found that said substitutions were not made.

"Second: That the court ruled erroneously in refusing to view the premises and in refusing to allow defendants to show the proportion of cement used in said concrete.

"Third: That the judgment and findings of an open book account and an account stated, were based upon the erroneous rulings of the trial court."

As to the first ground raised by appellant, an examination of the transcript discloses the fact that there was conflict in the evidence as to whether admission was made or not as to such substitution, and the court upon evidence found that poorer and cheaper materials were not substituted. We cannot, of course, rule on the question of preponderance of evidence. If there is any evidence to support the findings of the trial court we are bound thereby.

■ As to the second ground of appeal, or really two grounds designated by appellant as his second ground, we hold that the question as to whether the court should or should not view the premises is one entirely within the discretion of the trial court. If the appellant was prejudiced or surprised by the failure of the court to view the premises after stating that he intended to do so, he had sufficient opportunity to supply any deficiency in the evidence that he might have allowed to exist by reason of his belief that the court was going to make such inspection. The record does not disclose any attempt on the part of appellant to introduce further evidence when the court stated that he did not make such personal inspection. ■ As to the latter part of the second point made by appellant, the record is not in a very satisfactory condition. Just as to what part or portion of the cement had been analyzed by the chemist, and exactly from what portion of the structure the same was removed, was not very clearly in evidence. Therefore, we cannot disturb the rule of the trial court in excluding the chemist's testimony as to the result of his analysis. As to whether the chemist tested a portion or sample of the entire concrete body, including gravel, or whether he tested only the mixture of cement and sand which was binding the gravel together, or a pocket of gravel *only,* is not clearly in evidence.

■ As to the third point, the evidence is in a somewhat chaotic state, and, taking the portions referred to in the brief of appellant alone, it would be hard to determine how the trial court could have found on the open book account and an account stated, as the record discloses he did find. But, of course, the entire record is what the court had before it, and a perusal of the entire evidence discloses the fact that there was sufficient evidence in the record upon which the court could make its findings. As to any other charges of error that are made, they are charged by appellant in his brief in such general terms that, other than the matters hereinbefore referred to, we have nothing called to our attention which we feel called upon to discuss.

The judgment of the trial court is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.